# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00074-FDW

| | |
|---|---|
| **DEMIRUS JEROME CRAWFORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **DEPARTMENT OF PUBLIC** ) | |
| **SAFETY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. The Plaintiff is proceeding in forma pauperis. [Doc. 2, 6].

## I. BACKGROUND

Pro se Plaintiff Demirus Jerome Crawford ("Plaintiff"), who is a North Carolina prisoner currently incarcerated at Marion Correctional Institution located in Marion, North Carolina, filed this action on June 10, 2019, pursuant to 42 U.S.C. § 1983. Plaintiff names the North Carolina Department of Public Safety (NCDPS) and FNU Abdleghafar, identified as a correctional officer at Alexander Correctional Institution ("Alexander"), as Defendants in this matter. [Doc. 1 at 1, 3].

Although Plaintiff does not specifically identify his claim, it is in the nature of an excessive force claim in violation of his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution.

Plaintiff alleges specifically that on Friday, December 14, 2018, between two and four p.m., Defendant Abdleghafar came to Plaintiff's cell, opened the trap door of Plaintiff's cell, and discharged his mace four times "without any legitimate excuse, warning or any kind of lawful

justification" at Plaintiff, his cell wall, and his property. [Doc. 1 at 3]. Plaintiff was taken for a decontamination shower afterwards. Plaintiff asked for medical help, but the officers refused him medical treatment. Plaintiff was returned to his same contaminated cell and required to stay there for four months without it being decontaminated. [Id. at 3-4]. Plaintiff alleges that his eyes are being treated "for now." Plaintiff also alleges that, at the time of the attack, he asked Defendant Abdleghafar why Plaintiff was being maced and Defendant told him "to shut the fuck up motherfucker." [Id. at 4].

For his injuries, Plaintiff states he suffered "physical and psychological injuries." [See id.].

For relief, Plaintiff seeks "administrative and judicial review" and monetary damages. [Id.]

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

As to Defendant North Carolina Department of Public Safety, neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

When assessing an Eighth Amendment excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from

3

> constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 37-38 (citations omitted).

Taking Plaintiff's allegations as true and drawing all reasonable inferences therefrom, the Court finds that the Plaintiff has stated a claim against Defendant Abdleghafar for the use of excessive form in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

## IV. CONCLUSION

In sum, the Complaint survives initial review as against Defendant FNU Abdleghafar under 28 U.S.C. §§ 1915(e) and 1915A. The Plaintiff's claim against the NCDPS will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] survives initial review under 28 U.S.C. §§ 1915(e) and 1915A as to Plaintiff's Eighth Amendment claim against Defendant FNU Abdleghafar. The Plaintiff's claim against the N.C. Department of Public Safety shall be dismissed.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the NCDPS in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendant FNU Abdleghafar, who is alleged to be a current or former employee of NCDPS.

3. The Clerk is instructed to correct the docket in this matter to reflect the remaining Defendant's name as "FNU Abdleghafar."

**IT IS SO ORDERED**.

Signed: December 18, 2019

Frank D. Whitney
Chief United States District Judge